NEMAHA VALLEY DRAINAGE DISTRICT, APPELLEE, v. BENJAMIN T. SKEEN, APPELLANT.

FILED JANUARY 3, 1912. No. 16,626.

Drains: ASSESSMENTS. Upon an examination of the evidence, it is *held* to sustain the judgment of the district court.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed.*

*E. B. Quackenbush* and *Fred G. Hawxby*, for appellant.

*Kelligar & Ferneau*, contra.

LETTON, J.

The same general complaints are made as in the case of *Nemaha Valley Drainage District v. Marconnit*, p. 514, *post*, and these points will not be further considered. The appellant, however, urges several objections peculiar to his own case which it is necessary to examine.

At the time the district was originally organized 52½ acres of his land were included therein, and the remainder was afterwards brought in by the district court. At the hearing a number of specific objections were made by the appellants, which may be summarized, as follows: That very little of the original 52½ acres included in the district is subject to overflow; that part of it is timber land and would be benefited rather than injured by a flood; that the construction of the improvement would cast an additional volume of water upon the remainder of the tract; that the outlet for the waters of Swartz creek, a tributary stream, would be dammed by the improvement and cast upon his lands; that his lands are only flooded by the back water in the Nemaha, occasioned when the Missouri river is in flood. He denies that his lands will receive any benefit from the improvement, and asks that the assessment on the 52½ acres be reduced from 100 per cent., as fixed by the engineer, to 25 per cent., and for damages in the sum of $500 for injury to the remainder of the land. On appeal to the district court, his objections and protests were considered and the percentage of the assessment was substantially reduced on a part of his land.

The testimony of the engineer and several witnesses residing in the neighborhood and familiar with the land shows that much of appellant's land included within the drainage district is subject to overflow. In regard to the contention that this land was only flooded by back water caused by high water in the Missouri river, the engineer's testimony is that the difference between the elevation at the confluence of the Little Nemaha with the Missouri river and the elevation at a point on appellant's land which is about the average elevation thereon is 7.94 feet; that if the Missouri river were higher than the Nemaha there would be an upstream current flowing on the surface from the Missouri river, but that while this was flowing the current beneath would also be flowing into the Missouri much the same as at ordinary stages. From

these facts he draws the conclusion that with this difference in level the overflow on the appellant's land could not be caused solely by back water, as he claims. Appellant testifies that he has made a system of drains upon his land, and has straightened the channel of Swartz creek so that the water is more rapidly discharged, and has constructed dikes which protect his land from overflow; and that the construction of the proposed improvement would conduct the flood waters down the river valley so rapidly that the inevitable result would be that the grade of a railroad which extends across the valley below his land would hold back the water and cause it to overflow his property to a greater extent than before. He testifies further that his land would be worth no more after the improvement than before and that its result would be to cause him actual damage. A number of witnesses testified substantially in corroboration as to the results of high water in the Missouri river upon these lands, as well as to the condition of appellant's land with respect to the overflow. On the other hand, the testimony on behalf of the drainage district seems to establish that that portion of appellant's land which is assessed is subject at least in part to overflow, and that the assessment as finally modified by the district court is not unfair.

Considering all the evidence, we are not convinced that the tracts involved will not be specially benefited to the amount of the assessment. The question is a closer one in this case than in the *Marconnit* and *Higgins* cases, pp. 514, 513, *post*, but we are satisfied the evidence sustains the judgment of the district court, which is, therefore,

AFFIRMED.

FAWCETT, J., not sitting.